# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANSHU PATHAK, | ) |
| Plaintiff(s), | ) Case No. 2:18-cv-00157-GMN-NJK |
| v. | ) REPORT AND RECOMMENDATION |
| CHETNA PATHAK, et al., | ) |
| Defendant(s). | ) |

This case involves Plaintiff's claim to quiet title of a property in California. The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). On January 31, 2018, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3.[1] Plaintiff has now filed a response, and a motion to transfer. Docket Nos. 4-5.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."

---

[1] The Court also ordered Plaintiff to show cause why the case should not be dismissed for improper venue. Docket No. 3. In light of the findings herein, the Court need not address venue.

*McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff has failed to meet his burden of showing subject matter jurisdiction. First, Plaintiff has not shown that diversity jurisdiction exists under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists only if, *inter alia*, a plaintiff does not share the same state citizenship with any defendant (*i.e.*, "complete diversity"). *E.g.*, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Plaintiff has not established that complete diversity exists here and, to the contrary, indicates that he and at least one of the defendants are Nevadans. Docket No. 5 at 2 ("Plaintiff is a citizen of the State of Nevada"); Docket No. 1 at 2, 11, and Docket No. 5 at 2 (identifying Defendant Amarylsis Development as a Nevada corporation).[2]

Second, Plaintiff has not shown that federal question jurisdiction exists. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff here brings a single claim to quiet title, Docket No. 1 at 14, premised on regulations established under California law, *see, e.g.*, *id.* at 4 (alleging that homeowners association "did not follow California Code of Civil Procedure Section 1367.1"). No showing has been made that such claim turns in any way on federal law.[3]

---

[2] The complaint is convoluted, and fails to clearly show the state citizenship of each defendant, including Plaintiff's ex-wife, Chetna Pathak.

[3] Plaintiff at times references a bankruptcy proceeding. *See, e.g.*, Docket No. 5 at 1. The Court does not opine herein whether Plaintiff is able to take some action in those bankruptcy proceedings, but rather finds only that he is not permitted to pursue his quiet title action in federal court.

In short, Plaintiff has failed to establish federal subject matter jurisdiction in this case. The undersigned therefore **RECOMMENDS** that this case be **DISMISSED** for lack of jurisdiction. As a corollary, the undersigned further **RECOMMENDS** that Plaintiff's motion to transfer to federal court in California (Docket No. 5) be **DENIED**, as that court also lacks subject matter jurisdiction for the reasons identified above.

DATED: February 20, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).